# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CLAIRE DEAN PERRY and PAMELA VOSE, as Personal Representatives of the Estate of William Dean,<br><br>    Plaintiffs,<br><br>v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>    Defendant. | 2:18-cv-00381-JDL |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

The Plaintiffs, Claire Dean Perry, and Pamela Vose, in her capacity as Personal Representative of the Estate of William Dean, move for judgment on the surety bond, which was provided by Fidelity and Deposit Company of Maryland ("Fidelity") pursuant to 18-A M.R.S.A. § 5-611 (West 2019) for the Commissioner of the Maine Department of Health and Human Services as the Public Guardian and Public Conservator of William Dean (the "Department").[1] Fidelity moves to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 8). Because Fidelity's motion raises a threshold issue concerning an open question of Maine law, I defer decision on Fidelity's motion and will, with input from both parties, certify a question to the Maine Supreme Judicial Court.

---

[1] 18-C M.R.S.A. § 5-710 takes effect July 1, 2019 and replaces 18-A M.R.S.A. § 5-611 (West 2019). The two sections are substantively identical.

*(continued next page)*

## I. FACTUAL BACKGROUND

The Plaintiffs' suit arises out of the appointment of the Department as William Dean's temporary public conservator from September 2012 to March 2013.[2] ECF No. 1-3 at 1-2. In 2013, Claire Perry, Dean's sister, brought an action in the Maine Superior Court in Knox County against Dean, the trustee of a family trust, the Department, and individuals acting on behalf of the Department for alleged mismanagement of Dean's property during the public conservatorship. *See Perry v. Dean*, 156 A.3d 742, 743 (Me. 2017) (incorporated by reference by ECF No. 1-3 at 1-2). Pamela Vose, Dean's cousin and then conservator, answered Perry's complaint on behalf of Dean and asserted cross-claims against the Department, including claims for breach of fiduciary duty. *Id.* at 744. On December 3, 2015, the Maine Superior Court entered summary judgment in favor of the Department on all of Perry and Vose's claims, except for Vose's claims for breach of fiduciary duty. *Id.* The Department appealed the denial of summary judgment on the those claims, asserting sovereign immunity. On March 2, 2017, the Maine Law Court held that the Department was immune from the breach of fiduciary claims and ordered the entry of summary judgment in favor of the Department on those claims. *Id.* at 748.

Under Maine law, a public guardian or conservator is required to "give a surety bond for the joint benefit of the wards or protected persons placed under the responsibility of the public guardian or conservator and the State of Maine." 18-A M.R.S.A. § 5-611. Fidelity was the surety of the Department's bond for Dean's public conservatorship, but was not a party to the state court action. In its decision, the

---

[2] William Dean passed away in October 2016. ECF No. 1-3 ¶ 1.

Law Court expressly declined to determine whether sovereign immunity bars recovery against the surety bond because the claims had been brought against the Department and not against the bond. *Dean*, 156 A.3d at 747-48.

## II. ANALYSIS

Fidelity makes three arguments for dismissal: (1) it is immune from liability because a surety's liability is dependent upon the liability of its principal, and the Law Court ruled that the principal—the Department—has sovereign immunity; (2) the Plaintiffs' claims are barred by the doctrine of res judicata; and (3) Plaintiff Perry lacks standing because a surety bond is in place for the benefit of those for whom the Department served as conservator and Perry, as Dean's sister, does not stand in any relation to the bond.

Fidelity's assertion of immunity raises the exact question that the Law Court identified in *Perry v. Dean* but declined to answer as not properly before the Court. That question concerns whether sovereign immunity bars recovery against a surety under § 5-611 where the principal is immune:

> Because the claims for breach of fiduciary duty were brought directly against the Department rather than against the bond, this appeal presents no occasion to reach the issue; we therefore express no opinion regarding sovereign immunity in an action brought against the bond pursuant to 18-A M.R.S. § 8-309. Further discussion would be purely advisory.

156 A.3d at 748. In support of its assertion of immunity, Fidelity relies on the general rule that a surety is not liable unless the principal is liable, and that the surety may plead any defenses that are available to the principal. *See R.I. Hosp. Tr. Nat. Bank v. Ohio Cas. Ins. Co.*, 789 F.2d 74, 78 (1st Cir. 1986). However, given the unique statutory framework presented by § 5-611 which, after the decision reached in *Perry*

3

*v. Dean*, requires the Department to maintain a bond under circumstances where it is immune from liability, the general rule may not necessarily control. 156 A.3d at 747-48. This is especially true because, as the Plaintiffs note, the legislative history of § 5-611 suggests an intent to hold the surety liable in circumstances similar to those presented by this case. *See* ECF No. 11 ¶¶ 8-24.

*Perry v. Dean* makes clear that whether Fidelity can assert sovereign immunity is an open question under Maine law. This question also bears on Fidelity's assertion of res judicata. "The doctrine of res judicata bars re-litigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action." *Dep't of Human Servs. on Behalf of Boulanger v. Comeau*, 663 A.2d 46, 48 (Me. 1995) (internal italics removed). Whether res judicata bars the Plaintiffs' claims against Fidelity depends, in part, on whether Fidelity and the Department are in privity, which requires a "mutual relationship . . . that establishes [a] commonality of interest." *Id.* (quoting *Ne. Harbor Golf Club, Inc. v. Town of Mount Desert*, 618 A.2d 225, 227 (Me. 1992)). The extent to which the Department and Fidelity share or do not share immunity will affect their commonality of interest.

As recognized in *Dinan v. Alpha Networks, Inc.*, federal-state comity is promoted where "the state court of last resort [is] given opportunity to decide state law issues on which there are no state precedents which are controlling or clearly indicative of the developmental course of the state law." 60 A.3d 792, 796 (Me. 2013) (quoting *White v. Edgar*, 320 A.2d 668, 675 (Me. 1974)). Accordingly, because

Fidelity's motion raises a substantial and open question of Maine law that may be determinative of the case, I will certify that question to the Maine Supreme Judicial Court pursuant to 4 M.R.S.A. § 57 (West 2019) and Me. R. App. P. 25 before ruling on Fidelity's motion to dismiss.[3] The parties are ordered to confer in an effort to agree to a stipulated proposed question or questions and file the same by February 1, 2019. In the event the parties do not reach such an agreement, each shall file their proposed question or questions by February 1, 2019.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that (1) the parties shall make their submissions as directed by this Order on or before February 1, 2019, and (2) the Court's action on the Defendant's Motion to Dismiss (ECF No. 8) is **STAYED** pending the resolution of the question or questions to be certified to the Maine Supreme Judicial Court.

**SO ORDERED.**

**Dated this 18th day of January, 2019.**

                                           /s/ **JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**

---

[3] Fidelity's third argument for dismissal concerning Perry's standing to sue will not, even if accepted, dispose of the entire case.