UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLAIRE DEAN PERRY, and PAMELA VOSE as Personal Representative of the Estate of William Dean,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) 2:18-cv-00381-JDL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF QUESTION OF STATE LAW TO THE MAINE SUPREME JUDICIAL COURT SITTING AS THE LAW COURT

This case involves a question of Maine law that may be determinative of the case and for which there is no clear controlling precedent in the decisions of the Maine Supreme Judicial Court sitting as the Law Court. As recognized in *Dinan v. Alpha Networks, Inc.*, federal-state comity is promoted where "the state court of last resort [is] given opportunity to decide state law issues on which there are no state precedents which are controlling or clearly indicative of the developmental course of the state law." 60 A.3d 792, 796 (Me. 2013) (quoting *White v. Edgar*, 320 A.2d 668, 675 (Me. 1974)). For the reasons explained below, I hereby certify a question to the Maine Supreme Judicial Court sitting as the Law Court and respectfully request that Court to respond pursuant to 4 M.R.S.A. § 57 (West 2019) and Rule 25 of the Maine Rules of Appellate Procedure.

## I. BACKGROUND

The Commissioner of the Maine Department of Health and Human Services (the "Department") was appointed to serve as William Dean's temporary public conservator on September 6, 2012, pursuant to 18-A M.R.S.A. § 5-408-A (West 2019). ECF No. 1-3 at 1-2. In 2013, Claire Perry, Dean's sister, brought an action in the Maine Superior Court (Knox County) against Dean, another individual serving as the trustee of a family trust, the Department, and individuals acting on behalf of the Department for alleged mismanagement of Dean's property during the public conservatorship. *Perry v. Dean*, 156 A.3d 742, 743-44 (Me. 2017) (incorporated by reference by ECF No. 1-3 at 1-2). Pamela Vose, Dean's cousin and his conservator at the time, answered Perry's complaint on behalf of Dean and asserted cross-claims against the Department, including a claim for breach of fiduciary duty. *Id*. at 744. Vose also filed a separate action against the Department and others, in which she alleged that the Department abused its authority. On December 3, 2015, the Superior Court entered summary judgment in favor of the Department in both actions on all of Perry and Vose's claims, except for Vose's claim for breach of fiduciary duty and claim for abuse of authority to the extent it was asserting a breach of fiduciary duty. *Id*. The Department appealed the denial of summary judgment on those claims, arguing that it was immune from tort suits under the doctrine of sovereign immunity. On March 2, 2017, the Maine Law Court determined that the Department was immune from Vose's remaining claims and ordered the entry of summary judgment in favor of the Department. *Id.* at 748.

Fidelity and Deposit Company of Maryland ("Fidelity") is the surety of the Department's bond for Dean's public conservatorship but was not a party to the state court action. Under Maine law, a public guardian or conservator is required to "give a surety bond for the joint benefit of the wards or protected persons placed under the responsibility of the public guardian or conservator and the State of Maine." 18-A M.R.S.A. § 5-611 (West 2019). In its decision, the Law Court expressly declined to decide whether sovereign immunity bars recovery on the bond against the surety because Perry and Vose's claims had been brought directly against the Department and not against the surety. *Dean*, 156 A.3d at 747-48. Accordingly, the Law Court did not address whether sovereign immunity is a defense in an action brought against a surety pursuant to 18-A M.R.S.A. § 8-309 (West 2019). *Id.* at 748.

Perry and Vose bring this action against Fidelity, the surety, and Fidelity has moved to dismiss their complaint. Fidelity makes several arguments in support of dismissal, including that it is immune because a surety's liability is dependent on the liability of its principal, and the decision in *Perry v. Dean* held that the Department is immune from tort suits. Thus, the exact question raised but not decided in *Perry v. Dean* is presented here.

In support of its assertion of immunity in this case, Fidelity relies on the general rules that a surety is not liable unless the principal is liable, and that a surety may plead any defenses that are available to the principal. *See R.I. Hosp. Tr. Nat'l Bank v. Ohio Cas. Ins. Co.*, 789 F.2d 74, 78 (1st Cir. 1986). However, as construed in *Perry v. Dean*, 18-A M.R.S.A. § 5-611 requires the Department to maintain a bond

3

even though it is immune from suit. This unique statutory framework raises the possibility that general rules of surety law may not be controlling.

## II. STANDARD FOR CERTIFICATION OF A QUESTION OF LAW

"Consideration of the merits of certified questions is not automatic." *Dinan v. Alpha Networks Inc.*, 857 F. Supp. 2d 162, 169 (D. Me. 2012) (quoting *Brown v. Crown Equip. Corp.*, 960 A.2d 1188, 1192 (Me. 2008)) (quotation marks omitted). The Law Court has discretion to exercise jurisdiction over a question where "(1) there is no dispute as to the material facts at issue; (2) there is no clear controlling precedent; and (3) [its] answer, in at least one alternative, would be determinative of the case." *Darney v. Dragon Prods. Co., LLC*, 994 A.2d 804, 806 (Me. 2010) (quoting *Brown*, 960 A.2d at 1192). If material facts are in dispute, the Law Court may decline to answer a certified question. *Id.*

Here, all of the requirements for certification are met. First, there are no issues of material fact in dispute pertaining to the issue of sovereign immunity: the Law Court has determined that the Department can assert sovereign immunity and there is no factual dispute as to Fidelity's status as the Department's surety. Whether Fidelity may also assert sovereign immunity is a pure question of law. Second, there is no clear, controlling precedent in the decisions of the Law Court that addresses whether Fidelity can assert the sovereign immunity of its principal. Finally, if the Law Court determines that Fidelity may assert sovereign immunity, it will result in the complete dismissal of this action.

## III. QUESTION OF LAW TO BE ANSWERED

Accordingly, this Court respectfully certifies the following question of Maine law to the Maine Supreme Judicial Court sitting as the Law Court:

> May a surety assert the immunity defense of its principal, the Department of Health & Human Services, in an action against the surety on a bond issued pursuant to 18-A M.R.S.A. § 5-611?

This Court respectfully requests that the Law Court provide instructions pursuant to 4 M.R.S.A. § 57 and Rule 25 of the Maine Rules of Appellate Procedure. In accordance with Maine Rule of Appellate Procedure 25(b), it is respectfully suggested that Perry and Vose be treated as the appellants before the Maine Supreme Judicial Court sitting as the Law Court.

The Clerk of this Court is **DIRECTED** to cause twelve (12) copies of this Order to be certified, under official seal, to the Maine Supreme Judicial Court sitting as the Law Court. It is further **ORDERED** that the Clerk of this Court is authorized and directed to provide, without any costs to the Law Court, upon written request of the Chief Justice or the Clerk thereof, copies of any and all filings of the parties herein and of the docket entries pertaining to this case.

**SO ORDERED.**

**Dated this 21st day of February, 2019.**

                                                    /s/ JON D. LEVY
                                       **CHIEF U.S. DISTRICT JUDGE**